CINCINNATI (City), Appellee, v. STRASBURGER, Appellant
(Two cases.)

Ohio Appeals, First District, Hamilton County.

Nos. 6653, 6654—Decided June 3, 1946

John D. Ellis and Nathan Solinger, Cincinnati, for appellee.
John W. Cowell and Mitchell Wilby, Cincinnati, for appellant.

**OPINION**

By THE COURT:
The appellant was found guilty by the Municipal Court of Cincinnati of installing a stoker without first obtaining a permit so to do, contrary to section 1120-paragraph (a) of the Building Code of the City of Cincinnati. On his appeal to the

Court of Common Pleas, the conviction was affirmed. The appeal to this Court is from that judgment.

(1) It is urged that the appellant was placed on trial without having been arraigned.

An examination of the docket entries recites that he was arraigned and that he pleaded not guilty. But it is urged that the recitals in the bill of exceptions contradict the docket entry. We do find at the conclusion of the trial that the appellant made the contention that there had been no plea, but that is not the equivalent of a statement or certification by the court that his contention was true. The record, therefore, shows, without contradiction, that the appellant was arraigned and pleaded not guilty. Furthermore, he acted as his own attorney in this trial which proceeded on the theory that such a plea had been made, and did not raise the question until the Court found him guilty.

Counsel rely on **Hanson v State, 43 Oh St 376,** and **Doyle v State, 17 Ohio 222,** as deciding that an arraignment and plea are indispensable. Neither case involved the point, although in the former case there is such a statement found in the syllabus, but at the close of the opinion the statement is not in the imperative. Both cases involved trials on indictments charging felonies. This case involves a trial on affidavits charging violations of an ordinance. The distinction is pointed out in **Ingham v State 35 Oh Ap 311,** which holds that Hanson v State and Doyle v State are not controlling for that reason and also holds that an accused proceeding to trial without objection waives the omission, with both of which reasons we concur.

We find no error in this respect.

(2) It is urged that there was an attempt to delegate power to determine whether there had been a compliance to an unofficial organization, contrary to the constitution. We find that the charges against the appellant were based on failure to apply for or obtain a permit and not for failure to do the work contrary to the provision of an issued permit. For that reason the question of the delegation of power does not arise on the record.

(3) It is also urged that the appellant was denied his constitutional right to a hearing because the Court overruled his demurrer and motion to quash the affidavit. The appellant set forth fully in these documents the grounds upon which he did not think he should be required to defend and the Court overruled both without allowing the appellant to orally argue them. The Court was right in overruling them and committed no error in refusing to hear argument on the law at the time.

An examination of the record shows that the appellant was given full opportunity to present his contentions. The Court expressly invited him to present his views and this was followed by an extended colloquy between the appellant and the Court and it was only after this colloquy that the Court announced its decision. Assuming, without deciding, that the procedure on indictment was applicable to a proceeding based on an affidavit charging the violation of a municipal ordinance, we still hold that the appellant was given a fair opportunity to present all his defenses and was denied no constitutional right.

(4) There are several errors assigned as to the exclusion of evidence. In most instances, the evidence was irrelevant, and in all, immaterial.

We find no prejudicial error in the record.

The judgments are affirmed.

HILDEBRANT, PJ, MATTHEWS and ROSS, JJ, concur in opinion and judgment.