CITY OF HAMILTON, APPELLEE,
*v.* BROWN, APPELLANT.

(No. CA80-04-0031—Decided April 22, 1981.)

*Mr. Lester W. Koehler,* law director, and *Mr. Gerald L. Pater,* for appellee.

*Ms. Barbara M. Brown,* for appellant.

HENDRICKSON, J. This cause came on to be heard upon an appeal from the Hamilton Municipal Court.

Defendant-appellant, Cynthia A. Brown, was arrested for criminal trespassing. She was charged under a municipal ordinance and was tried to the court without a jury. She was found guilty and sentenced as of record. It is from this order that appellant has brought a timely appeal to this court.

On February 10, 1980, appellant went to the Dixie Electric Company Bar and Disco (Dixie Electric Company) in Hamilton, Ohio, displayed her identification, paid the admission charge and entered the premises. At that time a stamp was placed on her hand. This was to establish her age and to indicate her eligibility to purchase alcoholic beverages. She was 18 years of age at the time; but when she was arrested, she had a black stamp on her person which indicated that she was 21 years old and that she was eligible to purchase any alcoholic beverage which the Dixie Electric Company was permitted to serve. The manager of the Dixie Electric Company alleged that appellant removed the red stamp from her hand and that she then transferred a black stamp to her hand from the hand of another customer.

Later that evening appellant was "barred out" of the Dixie Electric Company until she was 21 years of age for the reason that she was drinking liquor. However, from her testimony, it is clear that she returned weekly until March 7, 1980, at which time she was again asked to leave. She left, but returned again on the 13th day of March at which time she was arrested for criminal trespassing.

Appellant lists five assignments of error. The essence of the first assignment of error is that the trial court erred by failing to follow the mandatory provisions of Crim. R. 5 and 10. The record is silent

with respect to compliance with these rules. The docket entries show that appellant was arrested on March 13, 1980, released on the 14th, and made one appearance before the court on March 25, 1980, for trial, at which time she was represented by counsel.

That part of Crim. R. 5 which applies to misdemeanors reads as follows:

"(A) When a defendant first appears before a judge he shall permit the accused or his counsel to read the complaint or a copy thereof, and shall inform the defendant:

"(1) Of the nature of the charge against him;

"(2) That he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Rule 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel;

"(3) That he need make no statement and any statement made may be used against him;

"* * *

"(5) Of his right, where appropriate, to jury trial and the necessity to make demand therefor in petty offense cases."

Crim. R. 5 also provides that, in misdemeanor cases, "* * * the defendant may be called upon to plead at the initial appearance. Where the defendant enters a plea the procedure established by Rule 10 and Rule 11 applies." The pertinent part of Crim. R. 10 reads as follows:

"(A) Arraignment shall be conducted in open court, and shall consist of reading the indictment, information or complaint to the defendant, or stating to him the substance of the charge, and calling on him to plead thereto. The defendant may in open court waive the reading of the indictment, information, or complaint. The defendant shall be given a copy of the indictment, information, or complaint, or shall acknowledge receipt thereof, before being called upon to plead."

In this present case, the appellant was released on bond soon after her arrest and remained on bond until the time of the trial. Appellant was represented by counsel at her trial. Her attorney entered a plea of not guilty and proceeded with trial. The state's witnesses were cross-examined and appellant put on evidence in her defense.

The transcript makes no mention of the reading of the complaint or of the express waiver thereof, nor does the transcript show that the appellant or her attorney received a copy of the complaint. However, the record also reflects that at no time prior to entering her plea, during the state's case, at the end of the state's case, or before proceeding to put on a defense in the matter, did the appellant raise the issue of failure to comply with Crim. R. 5 or Crim. R. 10. The United States Supreme Court said in *Garland* v. *Washington* (1914), 232 U.S. 642, that the failure of the record to reflect an arraignment does not deprive the defendant of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution. The court in that case, quoting from *Crain* v. *United States* (1896), 162 U.S. 625, 649 (Peckham, J., dissenting), noted:

" '* * * A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say nothing as to such an objection, and then for the first time urge it in this court.' " *Garland* v. *Washington, supra,* at page 646.

The Supreme Court of Ohio has not ruled on this point. However, in the case of *Kelley* v. *State* (1930), 37 Ohio App. 524, at page 526, the court followed the case of *Garland* v. *Washington, supra,* and said:

"The plaintiff in error having been charged with a misdemeanor in the court below, and having proceeded to trial without any objection because of the failure to arraign, and the trial having proceeded as though he had entered a plea of not guilty, it is now too late to complain of that irregularity."

Likewise, in the case of *Cincinnati* v. *Strasburger* (1946), 79 Ohio App. 424 [35 O.O. 207], appeal dismissed (1947), 147 Ohio St. 535 [34 O.O. 425], the court found that where a defendant, who acted as his own attorney, was charged with a misdemeanor, and proceeded to trial without objection to the failure to arraign, the failure of the defendant to make a timely objection was a waiver as to this omission.

In two federal cases involving Fed. R. Crim. P. 10, the *Garland* case, *supra,* has been cited with approval. In *United States* v. *Hart* (C.A. 10, 1972), 457 F.2d 1087, certiorari denied (1972), 409 U.S. 861, a case where the record did not indicate whether the defendant had been formally arraigned, the court stated that "* * * the general rule is that arraignment under * * * [Fed. R. Crim. P.] 10 is not necessary when the defendant knows what he is accused of and is able to adequately defend himself. * * *" *Id.,* at page 1089. The court noted that the defendant had failed to demonstrate that he was prejudiced in any way by the omission of a formal arraignment; therefore, the court concluded that there was no denial of due process. *Id.* The case of *United States* v. *Rogers* (C.A. 5, 1972), 469 F.2d 1317, held that the lack of formal arraignment proceedings, as required by Fed. R. Crim. P. 10, was not reversible error. In that case the defendant entered a plea of not guilty, proceeded with the trial and made no objection to the lack of formal arraignment proceedings until the close of the government's case.

In the case now under consideration, the appellant made no objection to the lack of formal arraignment proceedings until the matter was on appeal. The court in *United States* v. *Rogers, supra,* at pages 1317-1318, stated as follows in its holding:

"Vacating convictions for lack of formal arraignment proceedings is predicated on the existence of possible prejudice. * * * The interests presumptively at issue are the right to know of the charges and the right adequately to prepare a defense, rights which might be prejudiced by the lack of formal charge and entry of plea until the beginning of trial proceedings. * * * Appellant, however, has not alleged and does not now allege that he was ignorant of the offense with which he was charged or that he was hindered in the preparation of a defense. * * * [T]he record indicates a lack of prejudice resulting from the technical lack of formal arraignment proceedings and appellant has not shown otherwise, [therefore,] the conviction is affirmed."

Taking the above case law and applying it to the facts in the present case, the transcript makes no mention of the reading of the complaint or of the express waiver thereof, nor does the transcript show that the appellant or her attorney received a copy of the complaint. However, the appellant did enter a plea of not guilty when called upon to do so at trial. Appellant, thereafter, did not object to the proceedings on the merits. In fact, appellant's defense was specifically directed to the issue of privilege to be on the premises of the Dixie Electric Company. This indicates that appellant was fully aware of the nature of the charge against her. Therefore, it is inconsistent with the due administration of justice to permit the appellant upon appeal to raise, for the first time, the question of compliance with Crim. R. 5(A) and 10(A).

*Cleveland* v. *Whipkey* (1972), 29 Ohio App. 2d 79 [58 O.O.2d 86], and *State* v. *Boerst* (1973), 45 Ohio App. 2d 240 [74 O.O.2d 350], cited by appellant as supporting her position, can be

distinguished on the basis that the defendants in those cases were not represented by counsel. In this case, the appellant, without objection, proceeded to enter a plea of not guilty, after which she cross-examined the state's witnesses and put on her own defense. This conduct by the appellant constituted a waiver of a formal arraignment.

Thus, the procedure for arraignment set forth in Crim. R. 5(A) and 10(A) is for one purpose: to advise the accused of his constitutional rights and to inform him of the nature of the charge against him. However, when the accused is represented by counsel, pleads not guilty and proceeds to trial without objection, there is a waiver of the requirements of those rules. Therefore, appellant's first assignment of error is not well taken.

The substance of the appellant's second assignment of error is that the trial court erred in finding her guilty of criminal trespassing. Appellant admitted, while on the witness stand, that, on the 10th day of February 1980, she was asked not to return to the Dixie Electric Company until her twenty-first birthday. However, she admitted returning at least weekly until she was arrested on the 13th day of March 1980. She also acknowledged that she was on the Dixie Electric Company premises on the 7th day of March 1980.

Appellant attempts to justify her actions by stating that she was permitted to purchase a ticket each time and was, therefore, lawfully on the premises.

Appellant has challenged the procedure followed by the Dixie Electric Company in screening customers, and she has challenged the procedure followed by the city of Hamilton in the handling of the allegations by Dixie Electric Company of persons trespassing on the premises. However, the record fails to set forth sufficient information to form a basis for these comments. For that reason, the court cannot comment on these procedures.

Therefore, since appellant was charged with criminal trespassing and has admitted going back to the Dixie Electric Company repeatedly after being asked to stay away, this court finds substantial and probative evidence in the record to support the finding of guilty of criminal trespassing. Appellant's second assignment of error is, therefore, overruled.

Appellant's third assignment of error, in essence, is that the trial court erred by assuming the posture of an advocate. The transcript does not bear this out. Instead, the transcript indicates that the court asked certain questions for purposes of clarification. Therefore, this assignment of error is not well taken and is overruled.

The substance of appellant's fourth assignment of error is that the trial court erred by failure to comply with the mandatory provisions of R.C. 2947.05 before passing sentence. R.C. 2947.05 reads as follows:

"Before sentence is pronounced, the defendant must be informed by the court of the verdict of the jury, or the finding of the court, and asked whether he has anything to say as to why judgment should not be pronounced against him."

The statute imposes a mandatory duty; and, from the record, it is clear that the court failed to comply with the statute. This is error. However, it is not reversible error, but only a basis for remanding the cause to the trial court for the sole purpose of resentencing the appellant. *Columbus* v. *Herrell* (1969), 18 Ohio App. 2d 149 [47 O.O.2d 254].

Appellant's fifth assignment of error is, in essence, that the trial court erred by failing to comply with the provisions of R.C. 2929.22(E) in imposing sentence. The court in this cause sentenced the appellant to 30 days in jail and fined her $100.

The trial court is given discretion to consider certain factors set forth under R.C. 2929.22; and the trial court may determine that a fine shall be imposed in addition to imprisonment when "* * * the

offense has proximately resulted in physical harm to the person or property of another * * *'' (R.C. 2929.22[E]), to wit: the possible loss of Dixie Electric Company's liquor permit, for sale to a minor. Thus, the fine in addition to imprisonment was proper.

Appellant's fifth assignment of error is not well taken and is, therefore, overruled.

For the reasons stated, assignments of error numbers one, two, three and five are overruled and the judgment of conviction is affirmed. Assignment of error number four is sustained; and, for that reason, the cause is remanded to the Hamilton Municipal Court for resentencing after compliance with the requirements of R.C. 2947.05.

*Judgment accordingly.*

KOEHLER, J., concurs.

CASTLE, P.J., concurring. I concur with the result reached by my learned brother Hendrickson and the order remanding the cause for resentencing to the trial court.

However, as to assignment of error number one, I am constrained to advance the proposition that omissions such as those made by the trial court are not prejudicial per se. In attempting to interpret the Rules of Criminal Procedure and the teachings of the Ohio Supreme Court, it is my opinion that we should look to the decision in *State* v. *Caudill* (1976), 48 Ohio St. 2d 342 [2 O.O.3d 467], as a bench mark and follow the evolution of the Supreme Court's rationale in interpreting the Criminal Rules from that point forward. In *Caudill* scrupulous adherence to the verbatim requirements of Crim. R. 11(C)(2) was mandated. From that position evolved the more liberal concept of substantial compliance with the provisions of Crim. R. 11 as enunciated in *State* v. *Stewart* (1977), 51 Ohio St. 2d 86 [5 O.O.3d 52]. In a more recent decision involving another of the Criminal Rules, the court held, in *State* v. *Tate* (1979), 59 Ohio St. 2d 50 [13 O.O.3d 36], certiorari denied (1979), 444 U.S. 967, that:

"Where defendant in a petty offense case has a right to trial by jury and pleads not guilty and demands a jury trial in the manner provided by Crim. R. 23(A), it must appear of record that such defendant waived this right in writing in the manner provided by R.C. 2945.05, in order for the trial court to have jurisdiction to try the defendant without a jury." *Id.*, syllabus.

In the case of *State* v. *Strawther* (1978), 56 Ohio St. 2d 298 [10 O.O.3d 420], syllabus, the court, in dealing with an equally important constitutional guarantee, *i.e.*, the right of compulsory process, held:

"Where a trial court accepts written pleas of guilty to attempt to commit murder and aggravated robbery, which include a 'waiver' of 'compulsory process,' and dismisses the remaining counts of the indictments without orally advising the defendant that he has a right to compulsory process to obtain witnesses in his behalf, in the absence of *prejudicial effect* such omission does not constitute *prejudicial error* and there is substantial compliance with the provisions of Crim. R. 11. (*State* v. *Stewart,* 51 Ohio St. 2d 86 [5 O.O.3d 52], approved and followed.)" (Emphasis added.)

In the recent case of *State* v. *Billups* (1979), 57 Ohio St. 2d 31 [11 O.O.3d 150], the court further limited the impact of *Caudill, supra,* and held that the trial court did not commit prejudicial error in applying Crim. R. 11(C)(2) where the defendant was represented by counsel. In that case the court conducted a discussion with the defendant apprising him of the nature of the charges, but did not orally inform him of each of his rights. In the court's opinion by Justice Herbert, the court rejected the concept of prejudice per se and its automatic application to all cases. The court looked to the record as to

the defendant's literacy, the fact that he was represented by counsel and the fact that the defendant had indicated to the trial court that he understood his rights from what had previously transpired involving another defendant. Justice Herbert, in his opinion, criticized the "* * * exaltation of form over substance at a time when our criminal justice system is already laboring under immense burdens. See *Chapman* v. *California* (1967), 386 U.S. 18, 22. 'In all such inquiries, "[m]atters of reality, and not mere ritual, should be controlling," ' *McCarthy* v. *United States* (1969), 394 U.S. 459, 468, at footnote 20." (Footnote omitted.) *State* v. *Billups, supra,* at page 39. Thus, the court found no prejudicial error. As Justice Holmes said in his separate concurring opinion in *State* v. *Tate, supra* (59 Ohio St. 2d), at page 55:

"However, under the facts as presented within this case, and other similar circumstances where a definite waiver is shown by the knowing acts of the party, the law should reasonably allow a waiver to be effected in petty criminal cases. * * *"

I would therefore hold on the facts in the case *sub judice* that the appellant has failed to demonstrate that she was prejudiced in any way by the trial court's omission of the formalities required by Crim. R. 5 and 10. Therefore, there can be no denial of due process.

By reason of the above language I do not, however, intend to encourage, on the part of the trial courts in this jurisdiction, the failure to substantially comply with the Rules of Criminal Procedure. To do so would lead, inevitably, to an erosion of the precepts of the rules, which would ultimately require a more rigid enforcement by the reviewing courts. However, as my brother Hendrickson has pointed out, substantial justice was done by the trial court in the case at bar and the appellant has failed to demonstrate prejudicial error. I would therefore affirm.