The STATE of Ohio, Appellee,

v.

BOGNER, Appellant.

[Cite as *State v. Bogner* (1999), 135 Ohio App.3d 412.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–99–27.

Decided Oct. 22, 1999.

*Mark A. Klepatz, City Prosecutor,* for appellee.

*Richard A. Kahler,* for appellant.

WALTERS, Judge.

Although this appeal was originally placed on the accelerated docket, this court elects to render a full opinion in accordance with Loc. R. 12(5).

Appellant, Paul J. Bogner, appeals from the judgment of the Municipal Court of Tiffin, Seneca County, Ohio, denying his motion to suppress evidence as being untimely filed. For the reasons that follow, we affirm the judgment of the municipal court.

On April 4, 1999, Officer Brian Bollinger of the Attica Police Department stopped appellant's vehicle on West Tiffin Street in Attica, Ohio, after observing appellant's manner of driving. Officer Bollinger, concerned that appellant might have been driving under the influence of alcohol, performed several field sobriety tests. After conducting the field sobriety tests, Officer Bollinger placed appellant under arrest for driving under the influence of alcohol and transported him to the Tiffin Police Department.

At the police department, a test of appellant's breath yielded an alcohol concentration of .141 grams per two hundred ten liters of breath, exceeding Ohio's legal limit. Appellant was then issued a citation for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (3).

Appellant appeared in open court for his initial appearance on April 8, 1999, unrepresented by counsel. His arraignment date was scheduled for April 14, 1999. At that time, all that remained to be done in order to comply with the requirements of Crim. R. 10 and 11 was to enter his plea. On April 8, 1999,

appellant, by and through counsel, filed a written notice with the municipal court waiving his physical appearance at the arraignment and entering a plea of not guilty. The record does not demonstrate that the prosecutor approved this procedure. On May 19, 1999, appellant filed a motion to suppress evidence, which was subsequently dismissed on May 20, 1999, as being untimely filed. The filing date of the suppression motion was thirty-five days after the date scheduled for the arraignment and forty-one days after the filing of the written waiver and plea.

Appellant's trial date was set for June 8, 1999. However, on June 3, 1999, appellant, by and through counsel, entered a plea of no contest without raising any issue as to whether or when he had been arraigned. Appellant was subsequently found guilty of driving under the influence of alcohol.

Appellant now appeals the judgment of the trial court, assigning one error for our review.

### Assignment of Error No. 1

"The trial court erred in overruling Defendant's motion to suppress evidence."

The underlying issue that appellant raises for this court's consideration is whether the requirements of Crim. R. 10(B) were satisfied with respect to his arraignment, and what effect noncompliance has on the subsequent proceedings. In addressing the requirements of an arraignment, Crim. R. 10(B) states:

"The defendant must be present, except that the court, with the written consent of the defendant *and the approval of the prosecuting attorney,* may permit arraignment without the presence of the defendant, if a plea of not guilty is entered." (Emphasis added.)

Appellant argues that because he never received approval from the prosecuting attorney, his not guilty plea prior to his arraignment is not in compliance with Crim. R. 10(B) and, therefore, is a nullity. He further argues that this error nullifies his later no contest plea, his conviction, and the subsequent sentence. Therefore, appellant claims that this case should be remanded so he may receive an arraignment in compliance with Crim. R. 10.

Alternatively, appellant argues that the trial court erred in dismissing his motion to suppress evidence as being untimely filed pursuant to Crim. R. 12(C). Appellant suggests that the filing of the written waiver and guilty plea on April 8, 1999, should not constitute his arraignment for purposes of time limits imposed by Crim. R. 12(C), but that the filing should relate forward to April 14, 1999, the scheduled date of his arraignment.

For purposes of the time limits of Crim. R. 12(C) the trial court apparently treated April 8, 1999, as the date from which appellant had thirty-five days to file

all pretrial motions, and dismissed appellant's motion to suppress evidence as being untimely filed. In spite of the fact that the plea was filed by appellant on April 8, 1999, appellant argues that the court should have treated his not guilty plea as filed on April 14, 1999, the date of his arraignment, which in turn would make his motion to suppress evidence timely filed pursuant to Crim.R. 12(C).

In reaching our decision, we look to *Garland v. Washington* (1914), 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772. In *Garland*, the appellant appealed to the United States Supreme Court to reverse his larceny conviction. Garland contended that he had not been formally arraigned on the charge and that this failure deprived him of due process of law. Garland, however, like appellant, did not make a specific objection to the trial court's failure to properly arraign him prior to proceeding to trial.

In analyzing the issue, the Supreme Court stated that the purpose of arraignment is "to inform the accused of the charge against him and obtain an answer from him." *Garland*, 232 U.S. 642, 644, 34 S.Ct. 456, 456–457, 58 L.Ed. 772, 774–775. The court ultimately ruled that by failing to raise the issue prior to trial, the defendant waived technical defects in his arraignment.

Quoting from Justice Peckham's dissent in *Crain v. United States* (1896), 162 U.S. 625, 649, 16 S.Ct. 952, 960, 40 L.Ed. 1097, 1104, the *Garland* Court noted:

" 'A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say nothing as to such an objection, and then for the first time urge it in this court.' " *Garland*, 232 U.S. 642, 646, 34 S.Ct. 456, 457, 58 L.Ed. 772, 775; see, also, *Hamilton v. Brown* (1981), 1 Ohio App.3d 165, 1 OBR 477, 440 N.E.2d 554 (holding that appellant waived requirements of rules setting forth procedure for arraignment by proceeding to trial without objection).

We adopt the reasoning in *Garland* and *Brown* and dispose of the issues in this matter likewise. Appellant claims that he was not properly arraigned pursuant to Crim. R. 10(B), yet he did not raise an objection to this issue in the trial court. Instead, appellant proceeded to enter a plea of no contest on June 3, 1999, and was subsequently found guilty of driving under the influence of alcohol. Essentially, appellant waived his right to contest his arraignment when he proceeded as if he had been properly arraigned and entered a no contest plea in the trial court.

Furthermore, the United States Supreme Court stated:

" 'Due process of law * * * does not require the state to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution.' " *Garland*, 232 U.S. 642, 645, 34 S.Ct. 456, 457, 58 L.Ed. 772, 775 quoting *Rogers v. Peck* (1905), 199 U.S. 425, 435, 26 S.Ct. 87, 90, 50 L.Ed. 256, 260.

Accordingly, we cannot say that appellant was denied a proper arraignment pursuant to Crim. R. 10(B).

■ Additionally, on April 8, 1999, appellant appeared in open court, whereupon the complaint was read, he acknowledged receipt of the complaint, and his rights and pleas pursuant to Crim. R. 10 and 11 were explained to him. Thereafter, on the same date, appellant, through counsel, appeared subsequently and waived his further appearance and entered a written plea of not guilty.

Since all of the formal requirements of arraignment pertaining to appellant were completed on April 8, 1999, his arraignment was thereby complete on that date. Therefore, appellant's motion to suppress was filed forty-one days after his arraignment, which was outside the time limits prescribed in Crim. R. 12(C).

Crim. R. 12 governs the time limits applicable to pretrial motions, and states:

"(C) Motion date. All pretrial motions * * * shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions.

" * * *

"(G) Effect of failure to raise defenses or objections. Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial, at the time set by the court pursuant to division (C) of this rule, or prior to any extension of time made by the court, shall constitute waiver * * *, but the court for good cause shown may grant relief from the waiver."

■ The decision to permit a defendant to file a motion outside the prescribed time period is a matter of discretion. *Akron v. Milewski* (1985), 21 Ohio App.3d 140, 142, 21 OBR 149, 151, 487 N.E.2d 582, 584–585. Since appellant does not suggest that the trial court abused its discretion in any fashion or offer any explanation for his delay in raising the issues addressed in his motion to suppress, other than his argument as to when the arraignment occurred, we can presume none.

Appellant's sole assignment of error is overruled.

Having found no error prejudicial to appellant in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.