OPINION
This is an appeal by defendant-appellant, Whitney N. Wilson, from a judgment of the Municipal Court of Sidney, Ohio, overruling a Motion to Suppress Evidence. Following the ruling on the motion, Wilson entered a plea of no contest to one count of driving under the influence in violation of R.C. 4511.19(B), a misdemeanor of the fourth degree. Wilson was fined one-hundred dollars and given a 60-day license suspension. His sentence was stayed pending the outcome of this appeal.
On July 8, 2000 State Highway Patrolman E. Ruffin observed a passing vehicle veer off the side of the road.[1] In response, the trooper turned around and pulled the vehicle over. The driver was identified as defendant-appellant, Whitney Wilson. According to Trooper Ruffin's report, he could smell a moderate level of alcohol from inside the vehicle. Mr. Wilson readily admitted that he had consumed two or three beers. At that time, Trooper Ruffin conducted several field sobriety tests on Wilson to include a Horizontal Gaze Nystagmus test. Wilson failed each test and was put under arrest. Ultimately, Wilson was charged with R.C. 4511.19(A)(1)(A), driving under the influence; R.C.4513.263, failure to wear a seatbelt and R.C. 4511.25, left of center.
Wilson, a resident of South Carolina, entered a not guilty plea on July 17, 2000. At that time he was represented by Attorney Richard Wallace. During his representation of Wilson, Wallace filed a Motion for Hearing to Appeal the Administrative License Suspension, attended a pre-trial conference with the prosecutor, and filed a motion for Waiver of Speedy Trial Rights. In addition, Wallace was working with Wilson's South Carolina counsel to determine the effect of an Ohio DUI conviction on Wilson's home state driving privileges. On November 3rd, 2000, Wallace filed a Motion to Continue the trial date which had been set for November 7th, 2000. A memorandum filed with the motion indicates that Wallace was waiting on a response from the South Carolina Department of Public Safety before entering into a plea agreement with the prosecution. The motion was granted and a new trial date was set for December 28, 2000.
At this time, for reasons not clear on the record, Wilson replaced attorney Wallace with new counsel, Jeffrey Slyman. On November 20, 2000, Slyman made an entry of appearance and filed several motions including a Motion to Suppress Evidence obtained during the arrest. The trial court overruled the motion as untimely pursuant to Criminal Rule 12(C). It is from this judgment that Wilson appeals.
Wilson makes the following assignments of error:
 I. The trial court erred in denying the appellant his right to effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States and Article One, Section Ten of the Constitution of the State of Ohio.
 II. The trial court erred in committing prejudicial error and abusing its discretion in overruling, without hearing appellant's motion to suppress, or in the alternative, in failing to grant leave to file a motion to suppress instanter.
In his first assignment of error, Wilson alleges that Trooper Ruffin illegally stopped his vehicle. Therefore, the fact that his first attorney, Wallace, did not file a motion to suppress the evidence from that illegal stop rises to the level of ineffective assistance of counsel. Wilson further alleges that he was misrepresented when his attorney failed to file motions challenging the probable cause of the subsequent arrest and the results of the breath test. We disagree.
The two-pronged test for ineffective assistance of counsel handed down in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052 requires (1) that the defendant show that counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id at 687. And (2) the defendant must show that the deficient performance prejudiced the defense. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." Id. Neither prong of theStrickland test has been satisfied in this case.
The Ohio Supreme Court has held that "failure to file a suppression motion does not constitute per se ineffective assistance of counsel," but must be evaluated on a case by case basis. State v. Huffman (May 25, 2001), Seneca Cty App. No. 13-2000-40, unreported; citing State v.Madrigal (2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52; quotingKimmelman v. Morrison (1986), 477 U.S. 365, 384, 91 L.Ed.2d 305, 325. It is counsel's duty to make his own appraisal of the case and to decide when such motions are worth filing. State v. Mc.Duffie (May 23, 2001), Marion Cty. App. No 9-2000-92, unreported; citing State v. Vires (1970),25 Ohio App.2d 70. To show ineffective assistance, a defendant must prove that counsel was deficient for failing to raise the issues now presented and that there was a reasonable probability of success had he presented those claims on appeal. State v. Sheppard (2001),91 Ohio St.3d 329, 330 744 N.E.2d 770, 771 (emphasis added) citing Statev. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.
Wilson can show no deficiency on the part of attorney Wallace for he has not demonstrated a reasonable probability of success for any of the motions he alleges Wallace should have filed. The police may conduct an investigatory stop with reasonable suspicion, based upon specific and articulable facts, that criminal behavior has either occurred or is imminent. Terry v. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868, 1880. This court has repeatedly held that the violation of any statute can lead to a valid traffic stop. See Dayton v. Erickson (1996), 76 Ohio St.3d 3,665 N.E.2d 1091; State v. Wireman (1993), 86 Ohio App.3d 451,621 N.E.2d 542, 86. In Ohio, the legality of an automobile stop has been upheld with as little reasonable suspicion as mere radio broadcasts and informant's tips. See State v. Evans (1998), 127 Ohio App.3d 56,711 N.E.2d 761 (Stop of a defendant's vehicle based solely upon a radio dispatch was supported by a reasonable suspicion), City of Beechwood v.Sims (1994), 98 Ohio App.3d 9, 647 N.E.2d 821 (Citizen-informant's tip was sufficiently corroborated to support police officer's investigatory stop).
Wilson relies upon Trooper Ruffin's written report filed with the citation to support his motion that the trial court reconsider denial of the belated Motion to Suppress evidence. According to the report, Trooper Ruffin observed Wilson's vehicle "go off the right side of the road by at least half of the vehicle." (Brief of Appellant, p. 6) Wilson does not deny that he was driving erratically. He merely asserts that this alone does not give reasonable suspicion to stop. Not only do we believe that the observation of erratic driving alone gives rise to a reasonable suspicion of driving under the influence, but R.C. 4511.25
clearly makes it a traffic offense to drive off of the roadway. Trooper Ruffin, therefore, had the right to stop and issue Wilson a citation for a traffic violation and to conduct a reasonable investigation as to his state of sobriety.
Because we find that Wilson was stopped legally we do not believe that counsel's declining to challenge the stop or the arrest amounts to ineffective assistance on the part of attorney Wallace. In fact under the color of DR 7-102(A)(2) Wallace could not have knowingly advanced "a claim or defense that is unwarranted under existing law."
Finally, Wilson argues that the Ohio Supreme Court's holding in Statev. Homan (2000), 89 Ohio St.3d 421, 732 N.E.2d 952 places an affirmative duty on defense attorneys to challenge the validity of all field sobriety tests. In Homan, the Court ruled that field sobriety tests that were not administered in strict compliance with standardized procedures could not serve as evidence of probable cause to arrest a defendant for DUI. Id at 423, 955. This court is not inclined to interpret Homan to mean that all field sobriety tests should, as a matter of law, be challenged. Rather, we adhere to our previously articulated standard that an attorney's decision to file or not file a motion will be upheld unless objectively unreasonable so as to have prejudiced the case and undermined confidence in the outcome. State v. Mc.Duffie (May 23, 2001), Marion Cty. App. No 9-200-92, unreported; citing State v. Vires (1970), 25 Ohio App.2d 70. Wilson's first assignment of error is therefore overruled.
In his second assignment of error, Wilson asserts that the trial court committed an abuse of discretion by overruling his motion to suppress as untimely pursuant to Crim.R.12(C).
Crim.R.12(C) states:
"All pretrial motions * * * shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions."
The decision to permit a defendant to file a motion outside the prescribed time period is a matter of discretion for the trial court.State v. Bogner (1999), 135 Ohio App.3d 412, 734 N.E.2d 422 citing Akronv. Milewski (1985), 21 Ohio App.3d 140, 142, 487 N.E.2d 582, 584-585. After the trial court overruled his Motion to Suppress, Wilson by and through his new attorney, Slyman, filed a Motion for Reconsideration. In a one paragraph argument they asked the trial court to waive the time constraints of Crim.R.12(C) based solely on the fact that Wilson's last attorney did not file a motion. Wilson did not allege ineffective assistance of counsel at this time. Wilson did not offer any explanation to the court as to why after nearly six months of proceedings in this matter new counsel was retained one month before trial. Wilson simply asked the court to allow him to file the motion because the last attorney did not. This is hardly compelling justification to deviate from a standard rule of criminal procedure. Nor can we say that denying such a request amounts to an abuse of discretion. Accordingly, Wilson's second assignment of error is overruled.
The judgment of the Municipal Court of Sidney is affirmed.
WALTERS, P.J., and HADLEY, J., concur.
[1] The State, represented by Shelby County Prosecutor Tonya Thieman, neglected to file a brief in this matter and the Defendant-Appellant's brief does not include a statement of the facts. What scarce facts we have been able to muster in this matter have been extracted from the slim record.