CITY OF AKRON *v.* REDMAN.

(No. 81 TRD 24474—Decided November 27, 1981.)

Akron Municipal Court.

*Mr. Jack Morrison,* for plaintiff.
*Mr. John T. Mellion,* for defendant.

GEORGE, J. The defendant is charged with violations of the Codified Ordinances of the city of Akron, Ohio, Section 438.01, which makes driving an unsafe vehicle a minor misdemeanor, and Section 434.08, vehicular homicide a misdemeanor of the first degree, which provides:

"(a) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft or aircraft, shall negligently cause the death of another * * * ." Subsection (a) of the vehicular homicide ordinance is identical to subsection (A) of R. C. 2903.07, the vehicular homicide statute.

The defendant was charged by uniform traffic tickets on June 30, 1981, as the result of a traffic accident which occurred on the State Route 8 expressway in Akron, Ohio. The defendant was driving a 1967 Chevrolet van which overturned, killing a passenger.

The defendant moves for the dismissal of the charge of vehicular homicide on two grounds. First, that this offense must be charged by a sworn complaint and cannot be charged by the use of a uniform traffic ticket. Secondly, that the com-

plaint fails to charge an offense because the defendant's actions in no way constituted the crime of vehicular homicide.

For the first contention the defendant argues that the offense of vehicular homicide is not a traffic case and therefore is not chargeable by using the uniform traffic ticket. The defendant reasons that the legislature, when it revised the vehicular homicide provision moved the offense from R. C. Title 45, which deals with vehicles, to R. C. Title 29, which deals with crimes in general. See *In re Fox* (1979), 60 Ohio Misc. 31, 14 O. O. 3d 80 (C.P. Highland Cty.); R. C. 4511.18 repealed 1-1-74; R. C. 2903.07.

The issue before the court is whether or not vehicular homicide may be charged by use of the uniform traffic ticket. The court holds it may not.

The vehicular homicide ordinance does not limit itself to the definitions of vehicle provided under the traffic code. Additionally, the ordinance penalizes violations occurring during the operation of a motorcycle, snowmobile, locomotive, watercraft and aircraft. The statutory definitions of vehicle exclude locomotive, watercraft and aircraft, unless they are upon a highway. See R. C. 4511.01(A); 4501.01(A); Section 402.54 Codified Ordinances of the city of Akron; *Hanson* v. *Lewis* (1937), 11 O. O. 42, 26 Ohio Law Abs. 105 (C. P. Belmont Cty.); 1943 Ohio Atty. Gen. Opin. 255, No. 6061 (relating to aircraft). The ordinance therefore encompasses a broader range of vehicles than that covered within the traffic code. Thus vehicular homicide is not a traffic offense, chargeable by a uniform traffic ticket, but rather a criminal offense chargeable by way of a sworn complaint pursuant to the Ohio Rules of Criminal Procedure.

A complaint under the Ohio Rules of Criminal Procedure must be made upon oath before any person authorized by law to administer oaths. The uniform traffic ticket contains no notarized jurat and it is insufficient to serve as a complaint for the charge of vehicular homicide. It is, therefore, improper. Since such impropriety is procedural rather than substantive, the charge of vehicular homicide may be dismissed and recharged upon a sworn complaint.

For the second contention the defendant argues that even given the facts the van was unsafe and the defendant drove it knowing it to be unsafe, such actions do not constitute the

crime of vehicular homicide. Under Ohio law the elements of vehicular homicide are:

(1) the operation or participating in the operation of a motor vehicle;

(2) the lack of due care during the operation of that vehicle, and

(3) a death proximately caused by that lack of due care. *State* v. *Vaught* (1978), 56 Ohio St. 2d 93, 10 O. O. 3d 224.

The defendant focuses on the second element of the offense, citing the case *State* v. *Smith* (1953), 198 Ore. 31, 255 P. 2d 1076. This case construed Oregon's negligent homicide statute to relate only to the manner in which the vehicle was operated and not to the character of the vehicle itself.

Oregon's statute is readily distinguishable from the ordinance involved here. It provides:

"When the death of any person ensues within 1 year as the proximate result of injuries caused by the *driving of any motor vehicle in a negligent manner,* the person so operating such vehicle shall be guilty of negligent homicide * * * (O.C.L.A. ch. 439 §23-410a, Oregon Laws 1941)." (Emphasis added.) This statute clearly penalizes negligence related to the manner in which a vehicle is driven. California, Colorado and Florida also have enacted homicide statutes relating to the negligent manner of operation or driving. However, the word "manner" appears in the text of each of these statutes.

The issue presented here is whether driving an unsafe vehicle, which results in the death of another, is an act of negligence which is encompassed within "the operation of a motor vehicle," as that language is used in the vehicular homicide ordinance.

The defendant seeks an interpretation of this ordinance that would limit the operator's negligence to the manner or method used in driving. The bill of particulars filed in this case contends that the defendant negligently caused the death of another in the operation of a motor vehicle due to the defendant's failure to properly lubricate the steering mechanism causing the mechanism to become unattached and uncontrollable.

This is a matter of first impression in Ohio under both the vehicular homicide statute and ordinance. The ordinance and the statute are obviously broader than the Oregon statute and

are written to include more than the manner of driving within their ambits. The crime of vehicular homicide includes criminal negligence while operating a motor vehicle which is unsafe.

The Ohio legislature, by enacting R. C. 2903.07, did not intend to eliminate the condition of the vehicle as a basis for prosecution of vehicular homicide. Under the former manslaughter provision, R. C. 4511.18 (repealed 1-1-74), the state successfully prosecuted a defendant based upon the lack of a functioning emergency-brake system. See *State* v. *Kotapish* (1960), 171 Ohio St. 349, 14 O. O. 2d 77. This case held that it was properly a question of fact as to whether such brake failure was the proximate cause of a pedestrian's death. A conviction under the former statute was penalized as manslaughter of the second degree, a felony. Former R. C. 4511.18 provided:

"No person shall unlawfully and unintentionally kill another while violating any law of this state applying to the use or regulation of traffic." The violation of the revised vehicular homicide ordinance and statute is a misdemeanor. Vehicular homicide now includes negligence in general and is not limited to violations of particular laws relating to traffic. It appears that the legislature intended to broaden the scope of vehicular homicide in exchange for a lesser penalty.

When the crime of vehicular homicide was revised, the legislature could have included a "negligent manner" provision. The legislature did not include such an express provision. One reason may be that a broad negligence statute avoids some of the interpretation problems faced by courts dealing with the negligent manner of operation of an epileptic or other driver who negligently drove under a personal physical handicap. See opinion by J. Desmond in *People* v. *Decina* (1956), 2 N.Y. 2d 133, 157 N.Y. Supp. 2d 558, 138 N.E. 2d 799.

The state of Illinois punishes reckless vehicular homicide under its manslaughter statute. (Ill. Rev. Stat. ch. 38 Section 9-3 [Smith-Hurd 1979] ). Like Ohio this statute does not contain a negligent manner provision. Under earlier but very similar versions of the Illinois reckless homicide law the statute was interpreted to include the mechanical failure of a motor vehicle or its appurtenances as evidence of punishable criminal negligence. *People* v. *Lynn* (1944), 385 Ill. 165, 52 N.E. 2d 166; *People* v. *Friesen* (1978), 58 Ill. App. 3d 180, 374 N.E. 2d 15.

Also prior to the enactment of a negligent manner vehicular homicide statute in Colorado, evidence of a motorist's knowledge of a defect in the brake system was determinative in a charge of involuntary manslaughter. *Bennett* v. *People* (1964), 155 Colo. 101, 392 P. 2d 657.

Because the vehicular homicide ordinance does not limit the negligence of the defendant to the manner of operation, this provision is akin to the prior Ohio manslaughter statute and the Illinois statute. Whether the defendant negligently drove an unsafe vehicle is a question for the trier of fact.

To carry its burden, the prosecution must prove beyond a reasonable doubt that:

(1) The defendant was operating a vehicle. (Operating means to be in actual physical control over the mechanism. *Brown* v. *Kennedy* [1942], 38 Ohio Law Abs. 134 [Clinton Cty. Ct. App.]; *People* v. *Pomeroy* [1979], 88 Mich. App. 311, 276 N.W. 2d 904; Black's Law Dictionary [operation] [4 Ed.]. )

(2) The vehicle was in fact an unsafe vehicle.

(3) The defendant was negligent. (Such requirement may be evidenced from the defendant's acts. For example, the defendant would be negligent if because of a substantial lapse of due care he failed to perceive or avoid the risk that the vehicle was unsafe and, therefore, dangerous, creating a threat to others. Section 606.02[d] Codified Ordinances of the city of Akron; R. C. 2901.22[D]; *State* v. *Smith,* 11 O. O. 3d 343 [Montgomery Cty. Ct. App.]. )

(4) The defendant's negligence was the proximate cause of the fatality.

*Motion to dismiss denied.*