OPINION
{¶ 1} Defendant-appellant, Trevor Middleton, appeals the decision of the Preble County Court of Common Pleas sentencing him for burglary and grand theft. We affirm the common pleas court's decision.
 {¶ 2} Appellant was indicted in November 2001 on one count of burglary in violation of R.C. 2911.12(A)(2), a second-degree felony, and one count of grand theft in violation of R.C. 2913.02(A)(1), a fourth-degree felony. Both counts included firearm specifications. Appellant initially pled not guilty to both counts.
 {¶ 3} In November 2003, appellant changed his plea to guilty on both counts of the indictment. Pursuant to a plea bargain, the state dismissed the two firearm specifications. The common pleas court convicted appellant of both counts.
 {¶ 4} The common pleas court held a sentencing hearing in January 2004. When the court stated the specific offenses of which appellant was convicted, the court mistakenly referred to the burglary count as a third-degree felony instead of a seconddegree felony. After making the statutory findings for imposing sentences greater than the minimum, the court imposed four years in prison for the burglary count, and 15 months in prison for the grand theft count. The potential prison term for a thirddegree felony is one to five years, while the potential prison term for a second-degree felony is two to eight years. See R.C. 2929.14(A)(2) and (3).
 {¶ 5} Immediately after adjourning the sentencing hearing, the common pleas court was informed that the burglary count was a second-degree felony. The pre-sentence investigation report had mistakenly noted that the burglary count was a third-degree felony. The court then stated on the record, while appellant was still present in the courtroom, that it was imposing seven years for the burglary count. The court stated that the findings it had just made with regard to imposing a greater than the minimum sentence again supported a greater than the minimum sentence. The court had previously found that the shortest prison term would "demean the seriousness of the offense" and "not adequately protect the public from future crime." The court noted appellant's history of theft-related offenses, most recently a 2003 conviction in Mercer County. The court ordered appellant's sentences to be served concurrently to each other, and concurrently to a sentence appellant was currently serving in the Indiana prison system. Appellant now appeals, assigning two errors.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "The trial court erred as a matter of law when it sentenced the defendant, adjourned the sentencing hearing, and then re-sentenced the defendant."
 {¶ 8} In this assignment of error, appellant argues that the common pleas court could not modify his sentence once it orally announced the sentence and adjourned the sentencing hearing. Appellant argues that when the court adjourned the hearing, appellant's sentencing had "concluded."
 {¶ 9} We first note that the common pleas court did not "modify" an imposed sentence. It is well-established that a court "speaks through its journal entries." State v. Wilson, Fayette App. No. CA98-05-006, 1999 WL 31004, at *2, citing Gaskins v. Shiplevy, 76 Ohio St.3d 380, 382,1996-Ohio-387. There was only one sentence actually imposed for the burglary conviction — the seven-year sentence imposed by the common pleas court in its January 7, 2004 judgment entry. While the court initially stated that it would impose a four-year sentence, only the seven-year sentence was journalized. That sentence was never modified.
 {¶ 10} Nevertheless, we can find no law preventing the common pleas court from imposing the seven-year sentence once it became aware at the sentencing hearing that the burglary count was actually a second-degree felony. Crim.R. 36 states that "errors * * * arising from oversight or omission, may be corrected by the court at any time." In this case, the common pleas court corrected an error it had made when it initially sentenced appellant for a third-degree felony instead of the second-degree felony of which appellant was convicted. The court's mistake was due to a clerical error in the pre-sentence investigation report. Appellant was fully aware that he had pled guilty to and was convicted of a second-degree felony. In a written waiver, appellant had previously acknowledged that the maximum penalty for the burglary charge, a second-degree felony, was eight years. We find no error by the common pleas court in immediately correcting a mistake arising from an oversight that occurred at the sentencing hearing. Accordingly, we overrule appellant's first assignment of error.
 {¶ 11} Assignment of Error No. 2:
 {¶ 12} "The trial court erred when it did not comply with the requirements of criminal rule of procedure 32."
 {¶ 13} In this assignment of error, appellant argues that the common pleas court erred by failing to comply with Crim.R. 32 at the sentencing hearing. Appellant argues that the court did not, pursuant to Crim.R. 32(A), give him or his counsel "a chance to be heard or present information in mitigation of punishment before imposing the seven year sentence." Appellant also argues that the court did not, pursuant to Crim.R. 32(B)(2) and (3), inform him of "his right to appeal, his right to appellate counsel, his right to have documents produced without cost in the appellate process and the right to have notice of appeal timely filed on his behalf."
 {¶ 14} Crim.R. 32(A)(1) states that the sentencing court shall do the following at the time of imposing sentence: "Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."
 {¶ 15} The record shows that, at the sentencing hearing, the court asked appellant's attorney if there was anything he wanted to say. Appellant's attorney addressed the court, informing the court of the status of appellant's criminal cases in other counties. The court then asked appellant himself if there was anything he wanted to say. Appellant indicated that he had nothing to say. The court then asked the prosecuting attorney if she had anything to say. The prosecuting attorney briefly spoke to the court about the details of the plea bargain. The court then sentenced appellant.
 {¶ 16} Accordingly, it is clear that the common pleas court complied with Crim.R. 32(A)(1), affording both appellant and his attorney the opportunity to address the court at the sentencing hearing. Contrary to appellant's argument, the court gave appellant and his counsel "a chance to be heard * * * before imposing the seven year sentence."
 {¶ 17} It is true that the court did not give appellant and his attorney another opportunity to speak after the court discovered its mistake with regard to the degree of the burglary offense. However, we can find no law that required the common pleas court to do so. Appellant and his attorney had a full opportunity to address the court and to present any mitigating evidence. They were well aware of the crimes of which appellant was convicted and the possible penalties appellant faced. Further, nothing in the record shows that the court prevented appellant or his attorney from addressing the court after the mistake was discovered. After reviewing the record, we find that the court complied with Crim.R. 32(A) in this case.
 {¶ 18} Crim.R. 32(B)(2) states as follows: "After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed." Crim.R. 2(C) defines "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."
 {¶ 19} Crim.R. 32(B)(3) states as follows:
 {¶ 20} "If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court shall also advise the defendant of all of the following:
 {¶ 21} "(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;
 {¶ 22} "(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;
 {¶ 23} "(c) That if the defendant is unable to pay the costs of documents necessary for an appeal, the documents will be provided without cost;
 {¶ 24} "(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf."
 {¶ 25} Regardless of whether the common pleas court committed error with regard to Crim.R. 32(B)(2) and (3),[1] appellant has failed to show prejudice. Appellant was appointed counsel and filed an appeal within the requisite time period. Accordingly, there was no reversible error in this case. See State v. Duncan, Henry App. No. 7-02-10, 2003-Ohio-3879, at ¶ 12.
 {¶ 26} Based on the preceding analysis, we overrule appellant's second assignment of error. Having overruled appellant's two assignments of error, we affirm the decision of the common pleas court.
Walsh and Hendrickson, JJ., concur.
Hendrickson, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.
[1] We note that Crim.R. 32(B)(2) does not always require the sentencing court to advise a defendant of the right to appeal or to seek leave to appeal the defendant's sentence. The rule applies only in cases involving "serious offenses" and requires the advisement of the right to appeal or to seek leave to appeal "where applicable." For example, R.C.2953.08(D) precludes appellate review of a sentence that "is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." In that circumstance, where an appeal is precluded by law, the sentencing court is not required to advise the defendant of the right to appeal the defendant's sentence. See State v. White (Oct. 6, 2003), Summit App. No. 21741, 2003 WL 22451372, at *1.