OPINION
{¶ 1} Defendant-appellant, Lamon McIntosh, appeals his conviction in the Middletown Municipal Court for a violation of the City of Middletown Codified Ordinances ("Middletown Code").
 {¶ 2} In May, 2006, appellant was charged with a violation of the International Property Maintenance Code portion of the Middletown Code, section 1436.09, based on the conditions of the property he owns at 3100 Rufus Street in Middletown. Before trial, appellant moved to dismiss the charges against him. The trial court denied the motion. The matter proceeded to trial and appellant was convicted. He appeals the conviction, raising *Page 2 
four assignments of error.
 {¶ 3} In his first assignment of error, appellant argues that the trial court's failure to comply with the dictates of Crim.R. 5 at appellant's initial appearance denied him his due process rights. In his second assignment of error, appellant argues that the trial court erred in failing to arraign him, and failing to call on him to enter a plea, as required by Crim.R. 10.
 {¶ 4} Crim.R. 5(A) governs initial appearances and preliminary hearings, and requires the trial court to inform the defendant: (1) of the nature of the charge against him; (2) that he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and pursuant to Crim.R. 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel; (3) that he need make no statement and any statement made may be used against him; (4) of his right to a preliminary hearing in a felony case, when his initial appearance is not pursuant to indictment; (5) of his right, where appropriate, to a jury trial.
 {¶ 5} Crim.R. 10 governs arraignments, and requires that when a defendant does not have counsel, the court must determine the defendant understands his rights, including the right to counsel, right to reasonable continuance to secure counsel, right to appointed counsel, and Fifth Amendment right to remain silent.
 {¶ 6} The Crim.R. 5(A) and Crim.R. 10 requirements that the accused be informed of his right to counsel applies to misdemeanor prosecutions that, as in the present case, could result in incarceration. SeeState v. Wellman at 162, 66 O.O.2d at 353-354, paragraph one of the syllabus; Cincinnati v. Baskin, supra; State v. Nichols (1997),122 Ohio App.3d 631, 635. Compliance with Crim.R. 5 is mandatory, and a trial court's failure to comply with the rule "invalidates the entire proceeding." State v. Boerst (1973), 45 Ohio App.2d 240, 241;Cleveland v. Whipkey (1972), 29 Ohio App.2d 79; State v. Shurman (July 24, 2000), Stark App. No. 2000CA0009. *Page 3 
 {¶ 7} The transcript of appellant's initial appearance/arraignment reveals that the trial court failed to comply with the dictates of Crim.R. 5 and 10, resulting in reversible error. See State v.Fonseca (1997), 124 Ohio App.3d 231, 234, citing State v. Orr (1985),26 Ohio App.3d 24, 25; State v. Bayer (1995), 102 Ohio App.3d 172. At appellant's June 1, 2006 arraignment, he was simply asked if he wished to have the matter heard before a magistrate that day, or heard by the trial court judge at a later date. He requested that it be heard by the judge, and the remainder of the hearing was spent determining a trial date.
 {¶ 8} The following exchange took place during appellant's appearance before the Middletown Municipal Court, on June 7, 2006:
 {¶ 9} "Court: * * * Are you going to be hiring an attorney?
 {¶ 10} "[Appellant]: No, I don't think so your Honor.
 {¶ 11} "Court: Okay, so you want a hearing on this, is that correct?
 {¶ 12} "[Appellant]: Yes sir.
 {¶ 13} "Court: Alright, very well, very well Mr. McIntosh, we'll set this for hearing on your plea of not guilty."
 {¶ 14} Upon review of the record, it is clear that the trial court did not comply with the dictates of Crim.R. 5(A) at the time of appellant's initial appearance. The court failed to inform appellant of his rights, and failed to ensure that appellant fully understood and was intelligently relinquishing his right to counsel. As a result of the trial court's failure to satisfy these requirements, the entire proceeding against appellant is invalid. See Boerst.
 {¶ 15} Appellee cites to Hamilton v. Brown (1981), 1 Ohio App.3d 165, for the proposition that, when an accused "acts as his own attorney, is charged with a misdemeanor, and proceeds to trial without objection * * * the failure of the defendant to make a timely objection is a waiver" with regard to the Crim.R. 5 requirements. However, appellee has mischaracterized the holding in Brown. Brown involved a defendant who was represented by *Page 4 
counsel, and held: "when the accused is represented by counsel, pleads not guilty and proceeds to trial without objection, there is a waiver of the requirements of those rules." Id. at 168. Indeed Brown was careful to distinguish Boerst, quoted earlier, on the basis that theBoerst defendant proceeded pro se. Id. at 167-168. ConsequentlyBrown is distinguishable, and inapplicable to the instant case, where appellant was unrepresented at his initial appearance. Accord State v.Stewart (Nov. 8, 2001), Coshocton App. No. 01CA002. Appellant's first and second assignments of error are sustained. Appellant's conviction is reversed, and the case is remanded for a new trial.
 {¶ 16} In his third assignment of error, appellant argues that the trial court denied him his right to a public trial.
 {¶ 17} We agree with the proposition that a criminal defendant has a right to a public trial. See State v. Cassano, 96 Ohio St.3d 94, 104,2002-Ohio-3751. However, appellant's contention that his trial was closed to the public is unsupported by the record. While the trial was held in a third floor courtroom rather than the first floor courtroom, nothing in the record indicates that the courtroom was closed to the public. The assignment of error is overruled.
 {¶ 18} In his final assignment of error, appellant contends that the trial court erred by overruling his motion to dismiss, based on the trial court's failure to inform him of his right to appeal. However, this contention is rendered moot as a result of our disposition of appellant's first and second assignments of error. See App.R. 12(A)(1)(c).
 {¶ 19} Judgment affirmed in part, reversed in part, and cause remanded.
 BRESSLER, P.J., and POWELL, J., concur. *Page 1