[Cite as *State v. Bunch*, 2023-Ohio-1602.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-12-124 |
| | : | O P I N I O N |
| - vs - | | 5/15/2023 |
| | : | |
| JOSHUA RAY BUNCH, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2022-01-0142


Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant.


**S. POWELL, P.J.**

{¶ 1}  Appellant, Joshua Ray Bunch, appeals his conviction in the Butler County Court of Common Pleas after he pled guilty to one count of fourth-degree felony carrying a concealed weapon.  For the reasons outlined below, we affirm.

{¶ 2}  On February 23, 2022, the Butler County Grand Jury returned an indictment

charging Bunch with two counts of third-degree felony having weapons while under disability. As stated in the bill of particulars, the charges arose after a firearm was located in Bunch's bedroom during a "parole search and a search warrant" of Bunch's residence that took place on January 16, 2022.

{¶ 3} On March 1, 2022, Bunch appeared at his arraignment hearing with counsel and entered a not guilty plea to both charges. Several months later, on August 30, 2022, Bunch entered into a plea agreement with the state and pled guilty to one count of fourth-degree felony carrying a concealed weapon. The trial court accepted Bunch's guilty plea upon finding the plea was knowingly, intelligently, and voluntarily entered.

{¶ 4} On November 22, 2022, the trial court held a sentencing hearing where it sentenced Bunch to serve an 18-month prison term. Bunch now appeals his conviction, raising the following single assignment of error for review.

{¶ 5} THE TRIAL COURT ERRED WHEN IT FAILED TO ADVISE BUNCH OF HIS CRIM.R. 5 RIGHTS AT ARRAIGNMENT.

{¶ 6} Bunch initially argues the trial court erred by failing to advise him at his arraignment hearing that he had a right to counsel, a right to remain silent, and a right to a jury trial pursuant to Crim.R. 5(A)(2), (3), and (5). However, based on its plain language, the procedure set forth in Crim.R. 5(A) does not apply to arraignments. Rather, as this court has previously stated, Crim.R. 5(A) governs initial appearances and preliminary hearings. *Middletown v. McIntosh*, 12th Dist. Butler No. CA2006-07-174, 2007-Ohio-3348, ¶ 4. Therefore, because the procedure set forth in Crim.R. 5(A) does not apply to arraignments, the trial court did not err by failing to advise Bunch at his arraignment hearing that he had a right to counsel, a right to remain silent, and a right to a jury trial in accordance with Crim.R. 5(A)(2), (3), and (5). Bunch's claim otherwise lacks merit.

{¶ 7} In so holding, we find it necessary to discuss our recent decision in *State v.*

- 2 -

*Thompson*, 12th Dist. Butler No. CA2022-09-080, 2023-Ohio-559. In that case, just like in the case at bar, appellant argued the trial court erred by failing to advise him of his rights set forth within Crim.R. 5(A) at his arraignment. *Id.* at ¶ 17. However, rather than applying the same analysis as set forth above, this court unfortunately overlooked the fact that Crim.R. 5(A) does not apply to arraignments when holding appellant had waived any error the trial court may have made by failing to advise appellant at his arraignment hearing of his Crim.R. 5(A) rights. *Id.* Specifically, this court held that "because [appellant] appeared at his arraignment represented by counsel, pled not guilty, and proceeded to trial without objection, [appellant] necessarily waived the Crim.R. 5(A) requirements in this case." *Id.*

{¶ 8} This court is certainly not the only court that has overlooked the fact that Crim.R. 5(A) applies to just initial appearances and preliminary hearings. *See, e.g., State v. McKenzie*, 3d Dist. Crawford No. 3-22-33, 2023-Ohio-1178, ¶ 13 (finding appellant waived any error the trial court may have made by failing to advise him of his rights pursuant to Crim.R. 5 at his arraignment hearing by pleading guilty); and *State v. Walker*, 4th Dist. Adams No. 19CA1102, 2021-Ohio-235, ¶ 31 ("While a full explanation of the constitutional rights pursuant to Crim.R. 5[A] may well have occurred, the arraignment transcript does not contain this discussion"). This is certainly understandable given that this court made the mistake even after expressly stating which of those rules was to apply in which setting.[1] Nevertheless, in hopes of reducing any confusion that may arise within this district in the

---

1. This court in *Middletown v. McIntosh*, 12th Dist. Butler No. CA2006-07-174, 2007-Ohio-3348, cited *State v. Bayer*, 102 Ohio App.3d 172 (11th Dist.1995), which at fn.7 notes that both the appellant and the trial court in that case incorrectly referred to appellant's initial appearance as "arraignment." The *Bayer* court then continued by noting that, although the traffic rules refer to similar activity as an "arraignment," there is "no such terminology" contained within the criminal rules "with respect to misdemeanor matters in the municipal courts." *Id.* "Rather, it [arraignment] is the proceeding that is had after an indictment is rendered in the court of common pleas. Therefore, both the court's and appellant's characterization of this endeavor as an 'arraignment' is erroneous." *Id.* However, even after citing to *Bayer*, and even after expressly stating that Crim.R. 5 governs initial appearances and preliminary hearings whereas Crim.R. 10 governs arraignments, this court in *McIntosh* made the exact same error the *Bayer* court cautioned against making by using the two terms interchangeably. *See McIntosh* at ¶ 4-14.

future, we hereby modify our holding in *Thompson* to the extent that this court mistakenly stated that the procedure set forth in Crim.R. 5(A) was applicable to arraignments. We do the same for the case upon which *Thompson* relied, *Hamilton v. Brown*, 1 Ohio App.3d 165 (12th Dist.1981), and this court's more recent decision in *McIntosh*, 2007-Ohio-3348.

{¶ 9}   In so doing, we now explicitly hold that, rather than the procedure set forth in Crim.R. 5(A), it is instead the procedure set forth in Crim.R. 10(C) that applies to arraignments. *See State v. Eschrich*, 6th Dist. Ottawa No. OT-06-045, 2008-Ohio-2984, ¶ 21 ("Crim.R. 5 sets forth the procedure that courts follow at a defendant's initial appearance and Crim.R. 10 sets forth the procedure that courts follow at arraignments"). This modified holding should, in theory, alleviate the possibility of this court making the same mistake in the future. What this modification does not do, however, is change the ultimate outcome in *Thompson*. This is because, just like in this case, the trial court in *Thompson* did not err by failing to advise appellant of his rights set forth within Crim.R. 5(A) at his arraignment hearing given that Crim.R. 5(A) does not apply to arraignments. The same holds true for this court's earlier decisions in *Brown* and *McIntosh*. Therefore, because it is Crim.R. 10(C) rather than Crim.R. 5(A) that applies to arraignments, Bunch's first argument lacks merit and is overruled.

{¶ 10} Bunch also argues the trial court erred by failing to inform him and determine whether he understood that he had a right to counsel and the right to remain silent at his arraignment hearing as required by Crim.R. 10(C). However, the plain language found within Crim.R. 10(C) specifically states that those requirements apply only "[w]hen a defendant *not represented by counsel* is brought before a court and called upon to plead * * *." (Emphasis added.)   *See McIntosh* at ¶ 5 (noting that Crim.R. 10[C] governs arraignments and applies only where "a defendant does not have counsel"). Bunch does not dispute that he was represented by counsel throughout these proceedings. This

includes Bunch's arraignment hearing. Therefore, because the requirements set forth within Crim.R. 10(C) only apply to a defendant not represented by counsel at his or her arraignment, Bunch's second argument claiming the trial court erred by failing to comply with Crim.R. 10(C) also lacks merit.[2] Accordingly, because we find no merit to either of Bunch's two arguments raised herein, Bunch's single assignment of error is overruled.

**{¶ 11}** Judgment affirmed.

M. POWELL and BYRNE, JJ., concur.

---

2. We note that, even if we were to find the requirements set forth within Crim.R 10(C) applied to the case at bar, the result would be the same. This is because Bunch failed to allege any resulting prejudice from the trial court's supposed failure to comply with the Crim.R. 10(C) requirements. *See State v. Colquitt*, 12th Dist. Warren No. CA2022-05-028, 2022-Ohio-4448, ¶ 11 (noting that "[d]espite the mandatory language of [Crim.R. 10(C)], Ohio courts have held that a defendant must show some prejudice resulting from the arraignment in order to warrant reversal").