[Cite as *State v. Hudson*, 2025-Ohio-5185.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2025-02-014 |
| Appellee, | : | |
| | | OPINION AND |
| vs. | : | JUDGMENT ENTRY |
| | | 11/17/2025 |
| ANTHONY HUDSON, | : | |
| Appellant. | : | |
| | : | |

CRIMINAL APPEAL FROM FRANKLIN MUNICIPAL COURT
Case No. 24-09-CRB-5335

Maxwell D. Kinman, City of Franklin Prosecutor, and David C. Wagner, Assistant City Prosecutor, for appellee.

Susannah M. Meyer, for appellant.

**O P I N I O N**

**POWELL, J.**

{¶ 1}   Appellant, Anthony Hudson, appeals his conviction in the Franklin Municipal Court for obstructing official business and disorderly conduct.

{¶ 2}   Based upon an incident on September 14, 2024, appellant was charged by

complaint in the Franklin Municipal Court with obstructing official business in violation of R.C. 2921.31(A), a second-degree misdemeanor. He was also issued a citation for disorderly conduct in violation of Franklin Mun. Code 509.03, a minor misdemeanor. Appellant appeared before the municipal court on September 16, 2024. Appellant was disruptive and uncooperative. The municipal court entered a not guilty plea on behalf of appellant, set bond, and continued the matter to allow appellant obtain counsel. The municipal court appointed counsel for appellant sometime before October 18, 2024.

{¶ 3} The matter proceeded to a bench trial on November 1, 2024. Appellant continued to be disruptive despite repeated warnings from the municipal court, and eventually had to be removed from the courtroom. The municipal court found appellant guilty of obstructing official business and disorderly conduct as charged, sentenced him to 90 days in jail on the obstructing official business charge with credit for 26 days served, and waived payment of fines and costs on both charges. The court reviewed the sentence on December 13, 2024, gave appellant credit for 68 days served, and vacated the remaining 22 days.

{¶ 4} Appellant now appeals, raising three assignments of error.

{¶ 5} Assignment of Error No. 1:

THE TRIAL COURT ERRED AND PREJUDICED MR. HUDSON BY FAILING TO APPOINT APPELLANT COUNSEL FORTHWITH PURSUANT TO CRIM.R. 32(B).

{¶ 6} Appellant challenges the municipal court's failure to appoint appellate counsel forthwith in compliance with Crim.R. 32(B), raising two issues for review.[1]

{¶ 7} Crim.R. 32(B) provides that "[a]fter imposing sentence in a serious offense,"

---

1. In this assignment of error, appellant also summarily mentions the municipal court clerk's failure to promptly forward to the clerk of the court of appeals various appeal-related documents within the time period set forth in this court's local rules. However, appellant's brief focuses its analysis solely on the municipal court's failure to comply with Crim.R. 32(B). Moreover, appellant incorrectly cited to Twelfth Dist.Loc.R. 4(C) instead of Twelfth Dist.Loc.R. 3(C).

a trial court must advise a defendant of his right to appeal or seek leave to appeal. Crim.R. 32(B)(3) further provides, "Upon defendant's request, the court shall forthwith appoint counsel for appeal."

{¶ 8}  Appellant filed his notice of appeal, which included a request for the appointment of appellate counsel, on November 21, 2024. On December 2, 2024, the municipal court granted appellant's motion for the appointment of appellate counsel. However, the municipal court was unable to find counsel and sought this court's assistance pursuant to a March 21, 2025 entry and notice. On March 21, 2025, the municipal court also forwarded to this court the November 21, 2024 notice of appeal, including the order appealed from. On March 26, 2025, this court appointed appellate counsel to represent appellant. On March 27, 2025, the municipal court filed the transcript of the docket and journal entries. On May 8, 2025, appellant filed an amended notice of appeal to include the municipal court's adoption of an April 11, 2025 nunc pro tunc entry reflecting the municipal court's December 13, 2024 modification of appellant's sentence to 68 days served.

{¶ 9}  In his first issue for review, appellant asserts the municipal court denied him the right to a timely and meaningful review when it failed to appoint or cause appellate counsel to be appointed until 125 days from the date he filed his notice of appeal. In support, appellant cites *Griffin v. Illinois*, 351 U.S. 12 (1956), and *Douglas v. California*, 372 U.S. 353 (1963).

{¶ 10} At the outset, we note that Crim.R. 32(B) applies only in cases involving "serious offenses." Crim.R. 2(C) defines "serious offenses" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Appellant was convicted and sentenced for a second-degree misdemeanor and a minor misdemeanor. The maximum jail term for a second-degree misdemeanor is

- 3 -

90 days (R.C. 2929.24[A][2]), and there is no jail term for a minor misdemeanor. Consequently, appellant's conviction was for petty offenses and Crim.R. 32(B) is not applicable. *See State v. Stroughter*, 2019-Ohio-935 (7th Dist.); *State v. Bixby*, 2017-Ohio-7927 (2d Dist.); *State v. Middleton*, 2005-Ohio-681 (12th Dist.).

{¶ 11} Regardless, even if Crim.R. 32(B)(3) was applicable, appellant has failed to show prejudice. Appellant timely filed his notice of appeal on November 21, 2024, and he was appointed appellate counsel. *Middleton* at ¶ 25; *Stroughter* at ¶ 24. Appellant has not identified anything in his brief that he cannot assert on appeal arising from the delay in appointing appellate counsel and transmitting appeal-related documents from the municipal court clerk to the court of appeals clerk. Indeed, appellant asserts no errors regarding his conviction and sentence.[2] Moreover, this case bears no semblance to *Griffin* and *Douglas*, two cases where the indigent criminal defendants were denied on appeal the right to appointed counsel (*Douglas*) or the right to a transcript of the proceedings at the state expense (*Griffin*). Such is not the case here. *Griffin* and *Douglas* are therefore not applicable.

{¶ 12} In his second issue for review, appellant asserts that the delayed appointment of appellate counsel constitutes structural error and cites *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), in support.

{¶ 13} In *Gonzalez-Lopez*, the defendant retained counsel to represent him on a federal drug charge. The district court denied counsel's application for admission *pro hac vice* on the ground he had violated a professional conduct rule, and then prevented the

_____

2. In his reply brief, appellant asserts for the first time that he was prejudiced by the failure to comply with Crim.R. 32 and Twelfth Dist.Loc.R. 3(C) because he was deemed incompetent well after he filed his notice of appeal and was therefore unable to assist appellate counsel determine whether trial counsel was ineffective in failing to subpoena records and witnesses. It is well established that an appellant may not use a reply brief to raise new issues or assignments of error. App.R. 16(C); *State v. Renfro*, 2012-Ohio-2848, ¶ 28 (12th Dist.). We will therefore not consider appellant's prejudice argument relating to his incompetence and resulting inability to assist appellate counsel.

defendant from meeting or consulting with his counsel throughout his jury trial. The jury found the defendant guilty. The United States Supreme Court held that an element of the Sixth Amendment right to counsel is the right of a defendant who does not require appointed counsel to choose who will represent him. *Id.* at 144. Where the right to counsel of one's choosing is wrongfully denied, it is unnecessary to conduct a prejudice analysis to establish a Sixth Amendment violation. *Id.* at 148. Rather, such erroneous deprivation of the right to counsel of choice, "with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as 'structural error'" requiring reversal of the defendant's conviction. *Id.* at 150.

{¶ 14} We find that the structural error analysis of *Gonzalez-Lopez* does not apply here. While the case at bar may have involved some technical rule noncompliance, this was not structural error. Unlike the defendant in *Gonzalez-Lopez* who was actually deprived of his right to counsel of his choice by reason of the district court's actions, appellant was not denied the assistance of appellate counsel because of the municipal court's actions. Appellant was afforded all of his rights, and he has identified no prejudice from any delay in the appointment of appellate counsel or transmission of appeal-related documents from the municipal court clerk to the court of appeals clerk.

{¶ 15} In light of the foregoing, appellant's first assignment of error is overruled.

{¶ 16} Assignment of Error No. 2:

> THE TRIAL COURT ERRED BY FAILING TO COMPLY WITH CRIM.R. 5(A) AT MR. HUDSON'S INITIAL APPEARANCE, OR ALTERNATIVELY CRIM.R. 10(C) AT HIS ARRAIGNMENT.

{¶ 17} Appellant argues the municipal court failed to comply with Crim.R. 5(A) and Crim.R. 10(A) and (C) at the September 16, 2024 hearing, thereby invalidating the proceedings and mandating reversal of his conviction.

{¶ 18} Crim.R. 5(A) governs initial appearances and preliminary hearings. *Middletown v. McIntosh*, 2007-Ohio-3348, ¶ 4 (12th Dist.). Crim.R. 5(A) requires a trial court to inform the defendant of (1) the nature of the charges against him, (2) his right to counsel, and the right to a reasonable continuance to secure counsel, (3) his right under Crim.R. 44 to have counsel assigned without cost if he is unable to employ counsel, (4) his right to refrain from making statements and that any statement made may be used against him, (5) his right to a preliminary hearing in a felony case, when his initial appearance is not pursuant to indictment; and (6) his right, where appropriate, to a jury trial.

{¶ 19} By contrast, Crim.R. 10 governs arraignments. *McIntosh* at ¶ 5. Crim.R. 10(A) requires that the complaint be read to the defendant at the arraignment absent a waiver of its reading by the defendant, and that a copy of the complaint be given to the defendant. Crim.R. 10(C) provides that when a defendant does not have counsel, the trial court must inform him of certain enumerated rights and determine he understand these rights, including his right to retain counsel, his right to a reasonable continuance to secure counsel, his right to appointed counsel under Crim.R. 44, and his Fifth Amendment right to remain silent.

{¶ 20} The municipal court's docket and its order filed on September 16, 2024, characterize the September 16, 2024 hearing as arraignment. Appellant was informed he was charged with obstructing official business and disorderly conduct, and the municipal court entered a not guilty plea on his behalf. The record shows that appellant appeared without counsel. Although there was some indication that appellant may have had counsel or was going to hire counsel for this case, the municipal court was unable to determine if this was the case due to appellant's disruptive behavior. When that proved not to be the case, the court appointed counsel for appellant. In light of the foregoing, we conclude that

the September 16, 2024 proceeding was an arraignment.

{¶ 21} Based on its plain language, the procedure set forth in Crim.R. 5 does not apply to arraignments, but rather, governs initial appearances and preliminary hearings. *State v. Bunch*, 2023-Ohio-1602, ¶ 6 (12th Dist.). Therefore, because the requirements set forth in Crim.R. 5(A) do not apply to arraignments, appellant's argument that the municipal court erred by failing to comply with Crim.R. 5(A) during the September 16, 2024 proceeding lacks merit. *Id.*

{¶ 22} As the September 16, 2024 hearing was an arraignment, the requirements set forth in Crim.R. 10(A) and (C) apply. The record shows that the municipal court did not comply with Crim.R. 10(A) in that the complaint charging appellant with obstructing official business was not read to him at the arraignment and a copy of the complaint was not given to him. Likewise, the municipal court did not engage in a full discussion of appellant's rights. The court did not specifically mention appellant's right to court-appointed counsel or the right to a continuance to secure counsel. Further, the court made no reference to the fact that appellant could remain silent and that any statement he made could be used against him. The municipal court, therefore, did not comply with Crim.R. 10(C).

{¶ 23} We have held that "[d]espite the mandatory language of [Crim.R. 10], . . . a defendant must show some prejudice resulting from the arraignment in order to warrant reversal." *State v. Colquitt*, 2022-Ohio-4448, ¶ 11 (12th Dist.), citing *State v. Bonnell*, 61 Ohio St.3d 179 (1991) (rejecting appellant's proposition of law because appellant suffered no prejudice based on the trial court's failure to properly follow the requirements of Crim.R. 10[A] and [C]); *State v. Hawkins*, 1998 Ohio App. LEXIS 1111, *6 (10th Dist. Mar 24, 1998); and *State v. Stuber*, 71 Ohio App. 3d 86, 90 (3d Dist. 1990). *See also Bunch*, 2023-Ohio-1602, at ¶ 10, fn. 2 (12th Dist.).

{¶ 24} We find that appellant failed to demonstrate any prejudice from the municipal court's failure to comply with Crim.R. 10(A) and (C). At the arraignment, a not guilty plea was entered on behalf of appellant, he made no incriminating statements, no substantive decisions or judgments were made against him, and he lost no crucial rights. *Bonnell* at 182. In all proceedings thereafter, appellant was represented by counsel. Furthermore, appellant does not claim on appeal he was confused by what he was defending at trial or that he was unable to prepare his case as a result of the municipal court's failure to comply with Crim.R. 10.

{¶ 25} Accordingly, appellant's second assignment of error is overruled.

{¶ 26} Assignment of Error No. 3:

THE TRIAL COURT ERRED WHERE IT LACKED SUBJECT MATTER JURISDICTION AND CONVICTED MR. HUDSON ON CHARGES INITIATED FROM A DEFECTIVE COMPLAINT FOR DISORDERLY CONDUCT.

{¶ 27} Appellant argues the municipal court lacked subject-matter jurisdiction to convict him of disorderly conduct because the complaint charging him with the offense was not properly sworn and was therefore defective under Crim.R. 3. Specifically, appellant asserts that the jurat portion of the complaint does not indicate to whom the charging officer swore.

{¶ 28} Subject-matter jurisdiction involves a court's power to hear a case. *State v. Mbodji*, 2011-Ohio-2880, ¶ 10. As a result, "the issue can never be waived or forfeited and may be raised at any time." *Id.* The filing of a valid complaint is a necessary prerequisite to a municipal court's acquisition of subject-matter jurisdiction. *Id.* at ¶ 12; *State v. Walston*, 2019-Ohio-1699, ¶ 8 (12th Dist.).

{¶ 29} Crim.R. 3 defines what constitutes a valid complaint. *Mbodji* at ¶ 12. Crim.R. 3(A) requires a complaint to contain "a written statement of the essential facts constituting

the offense charged," "state the numerical designation of the applicable statute or ordinance," and "be made upon oath before any person authorized by law to administer oaths."

{¶ 30} Appellant was charged with disorderly conduct, a minor misdemeanor, by citation. Crim.R. 4.1, an optional procedure in minor misdemeanor cases, provides, "A law enforcement officer who issues a citation shall complete and sign the citation form, serve a copy of the completed form upon the defendant and, without unnecessary delay, swear to and file the original with the court." Crim.R. 4.1(D). A conviction for a minor misdemeanor "is void where the issuing officer serves an unsworn copy of the citation upon the defendant, but does not file the sworn original of the citation with the clerk of courts." *Dayton v. Ferrugia*, 2002-Ohio-917, ¶ 3 (2d Dist.), citing Crim.R. 4.1(D) and *Akron v. Meissner*, 92 Ohio App.3d 1 (9th Dist. 1993).

{¶ 31} The Ohio Supreme Court has recognized that "[a] jurat is not part of an affidavit, but is simply a certificate of the notary public administering the oath, which is prima facie evidence of the fact that the affidavit was properly made before such notary." *Stern v. Bd. of Elections of Cuyahoga Cty.*, 14 Ohio St. 2d 175, 181 (1968). Neither Crim.R. 3 nor Crim.R. 4.1 require a jurat. "[I]nstead, as to the 'oath' requirement, [Crim.R. 3(A)] only states that the complaint must be made under oath before a person who has the power to administer the necessary oath." *Walston*, 2019-Ohio-1699, at ¶ 12 (12th Dist.). Likewise, Crim.R. 4.1(D) only requires that the completed and signed original citation be, without unnecessary delay, sworn to and filed with the municipal court.

{¶ 32} The record contains the citation against appellant that was filed with the municipal court. It reads, "Being duly sworn the issuing-charging law enforcement officer states that he has read the above complaint and that it is true." Underneath the above sentence is the charging officer's signature. The citation is notarized by a notary public.

As the citation was sworn to by the officer who issued the citation to appellant and filed with the municipal court, it complies with Crim.R. 4.1(D). *See State v. Gatto*, 2007-Ohio-4609 (6th Dist.); *State v. Humphrey*, 1980 Ohio App. LEXIS 12469 (6th Dist. Oct. 3, 1980). Furthermore, "in light of the Notary's signature and seal, the record supports that the complaint was made under oath before a person who has the power to administer the necessary oath and therefore, satisfies Crim.R. 3." *Walston* at ¶ 13. Thus, the municipal court had subject-matter jurisdiction to convict appellant of disorderly conduct.

{¶ 33} Appellant's third assignment of error is overruled.

{¶ 34} Judgment affirmed.


PIPER, P.J., and SIEBERT, J., concur.


## J U D G M E N T   E N T R Y


The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is affirmed.

It is further ordered that a mandate be sent to the Franklin Municipal Court for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.


/s/ Robin N. Piper, Presiding Judge


/s/ Mike Powell, Judge


/s/ Melena S. Siebert, Judge