[Cite as *State v. Hinds*, 2026-Ohio-2278.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :        APPEAL NO.   C-240231
                                                 TRIAL NO.    C/23/TRD/26188
    Plaintiff-Appellee,            :

  vs.                                   :
                                                 *JUDGMENT ENTRY*
SUSAN HINDS,                            :

    Defendant-Appellant.           :


This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is vacated.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed to appellee.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 6/17/2026 per order of the court.**


**By:**_____
       **Administrative Judge**

[Cite as *State v. Hinds*, 2026-Ohio-2278.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240231 |
| | | TRIAL NO. C/23/TRD/26188 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| SUSAN HINDS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Vacated

Date of Judgment Entry on Appeal: June 17, 2026

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Repper-Pagan Law, Ltd.*, and *Christopher Pagan*, for Defendant-Appellant.

**MOORE, Judge.**

## I. Factual and Procedural History

**{¶1}** On September 30, 2023, defendant-appellant Susan Hinds was issued an Ohio Uniform Traffic Ticket charging her with failure to comply with the order or signal of a police officer under R.C. 2921.331(A). The ticket alleged that Hinds failed to comply with police officers' signals while operating a motor vehicle by driving around a marked police cruiser on a closed road. In doing so, she almost struck two deputies who were putting out flares while conducting traffic control.

**{¶2}** On March 18, 2024, Hinds pleaded no contest. The trial court imposed a $500 fine, costs, and a six-month license suspension with limited privileges, and points were assessed against her Indiana license.

**{¶3}** Hinds appealed in *State v. Hinds*, 2024-Ohio-6042 (1st Dist.), arguing that her conviction was based on insufficient evidence. After her appeal was denied, she filed a timely App.R. 26(B) application to reopen it. This court concluded that since the failure-to-comply charge constituted a violation of R.C. Title 29, and therefore, was not a "traffic case," the traffic citation "most likely did not serve as a valid complaint to invoke the municipal court's jurisdiction over Hinds's case." This court ordered the appeal reopened to address the subject-matter-jurisdiction issue.

## II. Analysis

### A. The Charging Document Was Invalid Under Crim.R. 3

**{¶4}** In her first assignment of error, Hinds argues that the trial court lacked subject-matter jurisdiction over her case because a charge for failure to comply is a R.C. Title 29 offense that must be supported by a sworn complaint.

**{¶5}** A valid complaint is a necessary condition precedent to the trial court's obtaining jurisdiction in a criminal matter. *State v. McKittrick*, 2011-Ohio-5899, ¶ 14

(5th Dist.). Appellate review of the validity of a charging instrument is de novo. *Id.*

1. *The Uniform Traffic Citation Failed to Invoke the Jurisdiction of the Trial Court*

**{¶6}** Crim.R. 3 provides,

(A) The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths.

(B) In addition, a traffic ticket that complies with Traf.R. 2 shall constitute a complaint for an alleged violation of a law, ordinance, or regulation governing the operation and use of vehicles, conduct of pedestrians in relation to vehicles, or weight, dimension, loads or equipment, or vehicles drawn or moved on highways and bridges, *except for alleged violations of Title 29 of the Revised Code*.

(Emphasis added.) *Id.*

**{¶7}** The State concedes that "at first glance" the traffic citation "is most likely not a valid complaint to invoke jurisdiction on a Title 29 charge." The State contends, however, that where the charging document meets the Crim.R. 3 requirements for a valid complaint it may serve as a complaint and summons in R.C. Title 29 cases, based on *State v. Humphrey*, 1980 Ohio App. LEXIS 12469 (6th Dist. Oct. 3, 1980). The State argues that *Humphrey* stands for the proposition that a person may be charged with a R.C. Title 29 violation by means of a uniform traffic ticket so long as the ticket was filed with the clerk of courts, sworn to by the issuing officer, and complied with Crim.R. 4.1 and R.C. 2935.26(A) and (D), which govern minor misdemeanors. The State also argues that Crim.R. 4(C), which allows a law enforcement officer discretion to issue a citation in a minor misdemeanor case, is

instructive.

**{¶8}** The State contends that the citation issued to Hinds indicates (1) that she was personally served with the citation, (2) that the issuing officer's signature appears after the language regarding perjury or falsification on the part of an officer, (3) that the information contained within the citation was true, and (4) that the citation was filed with the Hamilton County Clerk of Courts on the date of issuance. The State asserts that this is evidence that Hinds suffered no prejudice from any "improprieties" in the charging instrument.

**{¶9}** The State further argues that the citation was filed with the clerk and that any discrepancy in Hinds's citation constitutes harmless error because Hinds appeared before the court, pleaded not guilty, and was represented by counsel. The State cites *Humphrey* at *4, and *State v. Hudson*, 2025-Ohio-5185 (12th Dist.), which cites to *Humphrey*, in support of this proposition.

**{¶10}** In *Humphrey*, the defendant was charged with disorderly conduct by a uniform traffic ticket. The Sixth District stated,

> Applicable Crim. R. 4.1(D), optional procedure in minor misdemeanor cases, provides as follows:
>
> "(D) Duty of law enforcement officer. A law enforcement officer who issues a citation shall complete and sign the citation form, serve a copy of the completed form upon the defendant and, without unnecessary delay, swear to and file the original with the court."
>
> Applicable Section 2935.26(A) and (D), issuance of citation for minor misdemeanor, provides as follows:
>
> "(A) Notwithstanding any other provision of the Revised Code, when a law enforcement officer is otherwise authorized to arrest a

person for the commission of a minor misdemeanor, the officer shall not arrest the person, but shall issue a citation, unless one of the following applies:

. . .

"(D) A law enforcement officer who issues a citation shall complete and sign the citation form, serve a copy of the completed form upon the offender and, without unnecessary delay, file the original citation with the court having jurisdiction over the offense."

Since the file copy of the complaint contained in the Uniform Traffic Ticket, as filed with the clerk of courts, was sworn to by the officer who issued the citation to the defendant, there was compliance with Crim. R. 4.1 and R.C. 2935.26(A) and (D). Even though, arguendo, there was insufficient compliance with Crim. R. 4.1 regarding the issuance of a citation in minor misdemeanors, any error was harmless in view of the fact that the defendant appeared at the time and place stated in the citation, pleaded not guilty, and was represented at the trial by legal counsel. Therefore, the first assignment of error is not well taken.

*Humphrey*, 1980 Ohio App. LEXIS 12469, at *3-4.

{¶11} In *Hudson*, the appellant asserted the municipal court lacked subject-matter jurisdiction to convict him of disorderly conduct because the complaint charging him with the offense was not properly sworn and was therefore defective under Crim.R. 3. *Hudson* at ¶ 27. The Twelfth District held that the municipal court had subject-matter jurisdiction to convict appellant of disorderly conduct because the officer who issued the citation to appellant swore to it and filed it with the municipal

6

court, thereby complying with Crim.R. 4.1(D).

**{¶12}** Neither *Humphrey*, nor *Hudson*, nor Crim.R. 4.1(C) applies to the instant case because each addresses minor misdemeanors, whereas Hinds was charged with a first-degree misdemeanor. *Humprey* specifically stated that Crim.R. 4.1(D) was an "optional procedure" for minor misdemeanors, and *Hudson* did not address whether a uniform traffic ticket was a valid complaint for establishing jurisdiction. In any case, Crim.R. 3 provides no exception permitting the use of a uniform traffic citation as a charging document for R.C. Title 29 offenses.

**{¶13}** Crim.R. 3(B) clearly and unambiguously states that a traffic ticket is not a valid complaint for R.C. Title 29 violations. In the absence of a valid charging instrument, the trial court lacked subject-matter jurisdiction. *See State v. Bess*, 2012-Ohio-3333, ¶ 8 (1st Dist.). Further, subject-matter jurisdiction cannot be waived or forfeited, and the lack of subject-matter jurisdiction can be raised at any time. *Id.* at ¶ 9.

**{¶14}** The State also references *Akron v. Redman*, 70 Ohio Misc. 33 (M.C. 1981), a municipal court case, noting that any impropriety would be procedural rather than substantive. The court in *Redman* held that vehicular homicide could not be charged by use of the uniform traffic ticket and, because such impropriety was procedural rather than substantive, the charge of vehicular homicide *could be dismissed and recharged upon a sworn complaint*. *Id.* at 34.[1] *Redman*, therefore,

---

[1] Additional authority also supports the holding in *Redman* that a defendant improperly charged using a uniform traffic ticket could be recharged. *See State v. Miller*, 47 Ohio App.3d 113, 114 (1st Dist. 1988) ("In the absence of a sufficient formal accusation, a court acquires no jurisdiction whatever, and if it assumes jurisdiction, a trial and conviction are a nullity. . . . Because the first trial court was without jurisdiction, any proceedings before that court could not have placed appellant in jeopardy."); *State v. Bentley*, 2023-Ohio-1792, ¶ 33 (11th Dist.) (double-jeopardy concerns are not implicated where a defendant was tried but the trial court lacked jurisdiction; the judgment would be void and jeopardy cannot attach where the trial court lacked subject-matter jurisdiction).

stands for the proposition that the State can refile the charge. *Redman*, however, does not support the State's argument that a uniform traffic ticket could constitute a valid complaint.

{¶15} Because Crim.R. 3 provides no exception to its exclusion of the use of uniform traffic citations to charge R.C. Title 29 offenses, the municipal court lacked subject-matter jurisdiction, and the resulting conviction is a nullity. Hinds's first assignment of error is, therefore, sustained.

## B. Ineffective Assistance of Counsel

{¶16} Hinds's second assignment of error asserts that there is a colorable issue of ineffective assistance of counsel because her initial appellate counsel failed to raise a claim of a defective charging document. We agree.

{¶17} App.R. 26(B) provides a mechanism for defendants to reopen a direct appeal based on the ineffective assistance of appellate counsel. The rule establishes a two-stage procedure for applicants seeking to reopen their direct appeals. *State v. Conley*, 2026-Ohio-975, ¶ 8 (12th Dist.); *see State v. Leyh*, 2022-Ohio-292, ¶ 19. App.R. 26 provides that "[a]n application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). If the applicant makes this threshold showing and the court grants the application, the applicant must establish the merits of both her underlying direct appeal and her claim that appellate counsel performed ineffectively. *Conley* at ¶ 8; App.R. 26(B)(7), (9).

{¶18} To establish ineffective assistance of appellate counsel, a defendant must demonstrate both deficient performance and prejudice. *State v. Rosemond*, 2022-Ohio-111, ¶ 10 (1st Dist.). In a reopened appeal, we review the performance of appellate counsel under the same standard. *Rosemond* at ¶ 12. An appellant must show

8

that appellate counsel's performance was objectively unreasonable and that there is a reasonable probability that the result of the appeal would have been different, but for counsel's errors. *Id.*; *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989). "Under *Strickland*, a reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." *Rosemond* at ¶ 11, quoting *State v. Simpson*, 2020-Ohio-6719, ¶ 14, citing *Strickland* at 694. An appellant's failure to satisfy either prong of the *Strickland* test is fatal to an ineffective-assistance-of-counsel claim. *Id.*

**{¶19}** Had Hinds's previous appellate counsel raised the jurisdictional claim, there would have been a different outcome in the direct appeal—the court would have vacated her conviction. Counsel's performance was, therefore, deficient and Hinds was prejudiced by the deficiency. Accordingly, Hinds's second assignment of error is sustained.

### III.  *Conclusion*

**{¶20}** Because we hold that appellate counsel's performance was deficient and Hinds was prejudiced by that deficiency where the trial court lacked subject-matter jurisdiction, we vacate our prior judgment pursuant to App.R. 26(B)(9), and vacate the trial court's judgment of conviction.

Judgment vacated.

**KINSLEY, P.J.,** and **ZAYAS, J.,** concur.